United States District Court
Middle District of Florida
Jacksonville Division

**MARIE F. CHARLEMAGNE,**

    *Plaintiff,*

v.                                                    **NO. 3:18-cv-1278-J-25PDB**

**SAM'S CLUB,**

    *Defendant.*

___

# Order

Before the Court is the plaintiff's motion to compel the defendant to produce a video (and possibly other discovery; the motion is unclear on this point). Doc. 36. The Court **denies** the motion without prejudice to filing a motion that complies with Local Rule 3.01(g) and Local Rule 3.04.

As explained in the Notice to Plaintiff entered on April 22, 2019, a motion must include "a certificate (i) stating that you had conferred with the defendant[] in a good-faith effort to try to resolve the matter before filing the motion; and (ii) explaining whether the defendant agrees on the relief that you are requesting in the motion." Doc. 16 at 2. The requirement is in Local Rule 3.01(g):

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving

party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

The Civil Discovery Handbook elaborates, "The term 'confer' in Rule 3.01(g) means a substantive discussion. … Rule 3.01(g) is strictly enforced. A motion that does not comply with the rule may be summarily denied." Local Rule 3.01(g) exists for good reason: many potential discovery disputes are resolved when opposing sides communicate with each other in good faith.

The motion also fails to comply with Local Rule 3.04:

A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

The plaintiff and counsel for the defendant are expected to promptly respond to communications from each other and to work toward a speedy, just, and inexpensive resolution of the matter. *See* Fed. R. Civ. P. 1.

**Ordered** in Jacksonville, Florida, on April 16, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3

c:	Counsel of record

    Marie F. Charlemagne
    3717 Vance Street
    Jacksonville, FL 32254