United States District Court
Middle District of Florida
Jacksonville Division

**MARIE F. CHARLEMAGNE,**

    *Plaintiff,*

v.                                                              No. 3:18-CV-1278-20-J-PDB

**SAM'S CLUB,**

    *Defendant.*

---

# Order

Plaintiff Marie Charlemagne asks the Court to compel defendant Sam's Club and non-party Agnes Carswell, Custodian of Records, Jacksonville Sheriff's Office ("JSO"), to produce a video of events at Sam's Club on November 1, 2014. Docs. 39, 43. The events form the bases of her claims. Apparently, Sam's Club created the video from its surveillance data and gave the video to the JSO on or near the day of the events for JSO's use in determining whether to arrest or prosecute Ms. Charlemagne. Sam's Club explains it cannot now create another video, having long ago taped over the data in the ordinary course of business and without knowledge that Ms. Charlemagne would be suing years later.

Without success, Ms. Charlemagne has been trying to obtain the video through a request for production to Sam's Club, a subpoena for documents to Ms. Carswell, and multiple public records requests.[1] Docs. 39, 43. Sam's Club shares her interest in

---

[1] In response to a public records request by Ms. Charlemagne to the City of Jacksonville, on April 15, 2019, Angie Wilson, Public Records Requests Coordinator for the City of Jacksonville Customer Service Center, emailed Ms. Charlemagne:

> Our office has received your public records request. While the records you seek may exist, it appears you may have misdirected your request because such

obtaining the video, has unsuccessfully tried to obtain the video itself, and has no objection to an order compelling Ms. Carswell to produce it.

A party may serve a subpoena on a non-party commanding the non-party to produce documents, electronically stored information, or tangible things at a place within 100 miles of where the non-party resides, is employed, or regularly transacts business. Fed. R. Civ. P. 45(a), (b). Any person at least 18 years old and not a party may serve a subpoena. Fed. R. Civ. P. 45(b)(1). "Serving a subpoena requires delivering a copy to the named person[.]" *Id.* "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4). "The statement must be certified by the server." *Id.* "[A] person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it" is subject to contempt sanctions. Fed. R. Civ. P. 45(g).

The subpoena Ms. Charlemagne seeks to enforce against Ms. Carswell commands Ms. Carswell to produce the video and any written statements related to "incident number 2014-0761260." Doc. 43-3 at 1. But proof of service of the subpoena indicates "Amanda Charlemagne"—presumably a relative of Ms. Charlemagne— served the subpoena not on Ms. Carswell but on "Frida Byrd." Doc. 43-3 at 2. Amanda Charlemagne checks a box next to, "I returned the subpoena unexecuted because,"

---

records are not within our possession or maintained by the City of Jacksonville.
Please direct your request to the appropriate entity. Sam's Club or FDOT.

Doc. 43-1.

In response to a public records request by Ms. Charlemagne to the JSO, on June 14, 2019, the Public Records office emailed Ms. Charlemagne, explaining "the record is exempt as a public records request and is designated under Florida Statute 281.301 as <u>confidential and exempt</u>." Doc. 43-2.

Ms. Charlemagne also received a letter from the JSO's Public Records Coordinator stating, "After a diligent search, our office has located no records which are responsive to your request. The requested records/items have been destroyed." Doc. 43-4.

and adds, "The supervisor Frida Byrd said she needs the judge, the release needs to be court ordered." Doc. 43-3 at 2.

The Court **denies** Ms. Charlemagne's motion to compel Sam's Club to produce the video. Doc. 39. The Court cannot compel Sam's Club to produce something it does not possess, and Ms. Charlemagne has presented nothing to suggest Sam's Club actually has the video or data to replicate the video. Ms. Charlemagne appears to complain about other discovery matters, *see generally* Doc. 39, but at a hearing on the motion explained the dispute concerns the video, Doc. 44.

The Court **denies without prejudice** Ms. Charlemagne's motion to compel Ms. Carswell to produce the video (and any written statements). Ms. Charlemagne submits no proof she properly served Ms. Carswell with the subpoena, rendering the Court unable to enforce it. Should Ms. Charlemagne properly serve a non-party, and should the non-party fail to respond, the Court will consider a motion to compel, but observes the discovery period ended long ago, Doc. 28, and Ms. Charlemagne's delay may serve as the basis for denial of relief.

**Ordered** in Jacksonville, Florida, on May 20, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of record

      Marie F. Charlemagne (via U.S. Mail and email)
      3717 Vance Street
      Jacksonville, FL 32254
      mainstreet9006@bellsouth.net